MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Parasdeep Singh,

              Petitioner,

v.

David R. Rivas, et al.,

              Respondents.

No. CV-26-03157-PHX-MTL (DMF)

**ORDER**

On April 24, 2026, self-represented Petitioner Parasdeep Singh, who is confined in the San Luis Regional Detention Center, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) in the United States District Court for the Southern District of California. In a May 1, 2026 Order, United States District Court Judge Janis L. Sammartino transferred the Petition to this Court because a § 2241 petition must be brought in the district in which the petitioner is confined. The Court will deny the Petition and dismiss this action.

## I.    Petitioner's First  Petition

Petitioner first sought habeas corpus relief in *Singh v. Noem*, CV-26-00454-PHX-MTL (DMF). In his amended petition in that action, he alleged he entered the United States without inspection in 2022, was apprehended at entry and then released, and was then re-detained several years later. The focus of his amended petition was whether he was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) or eligible for a bond determination under 8 U.S.C. § 1226(a). In a March 24, 2026 Order, the Court denied his amended

petition, concluding Petitioner was subject to mandatory detention under § 1225(b)(2)(A). *See* Doc. 11 in CV-26-00454.

## II.    Petitioner's Current Petition

In his current Petition, Petitioner states he entered the United States without inspection on October 28, 2022.  (Doc. 1 at 5.)  He asserts that on November 1, 2022, he was released on his own recognizance with the requirement that he check in routinely with immigration officers.  (*Id*. at 6.)  He claims he fully complied with "all immigration law," attended all hearings, and followed all Immigration and Customs Enforcement requirements.  (*Id.*)  Petitioner also alleges he filed an asylum application in 2022, it was denied in 2024, and his appeal of the denial is pending.  (*Id*.)

Petitioner alleges that when he was detained by Border Patrol agents on November 6, 2025, he was detained unlawfully without notice and with "no reason to revoke [his] supervision."  (*Id*. at 6-7.)  He also claims his prolonged detention violates his due process rights because there is no realistic probability of his removal in the reasonably foreseeable future.  (*Id*.)  Petitioner also contends he was illegally detained under § 1225, rather than § 1226; he is not subject to mandatory detention under § 1225; and an immigration judge erred in concluding he was not a member of the *Bautista*[1] class.  (*Id*. at 6-8.)  Finally, Petitioner raises issues regarding his conditions of confinement.  (*Id.* at 8-9.)  Petitioner seeks either release or a bond hearing.

## III.    Discussion

### A.    Conditions of Confinement Claims

Petitioner's conditions of confinement claims arise, if at all, under civil rights law, not habeas corpus law.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on the circumstances of

---

[1] *Bautista v. Santacruz*, CV-25-01873-SSS-BFM (C.D. Cal.).

confinement may be presented in a [civil rights] action.") (citation omitted).  The Court will dismiss them.

### B.    Previously Litigated Issues

As the Court explained in its March 24, 2026 Order in CV-26-00454, any alien who enters the United States illegally and is clearly and beyond a doubt not entitled to admission, is subject to mandatory detention under § 1225(b)(2)(A).  *See Chavez v. Noem*, — F. Supp. 3d —, 2026 WL 381618, at *1-2 (D. Ariz. Feb. 9, 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1132-38 (8th Cir. 2026) (concluding that an alien detained in the interior is subject to mandatory detention, reasoning in part that for an alien to have been "admitted" for purposes of § 1225, the alien must have "made a lawful entry into the country," rather than "merely being present in the United States," and agreeing with the Fifth Circuit that an alien seeks admission "so long as he is present in the United States and has not been admitted," "regardless of whether he takes any further affirmative steps to gain admittance" (citation modified)).  The Court already determined § 1225(b)(2)(A) applied to Petitioner and he was not entitled to relief under *Bautista*.  *See* Doc. 11 in CV-26-0454.  Thus, the Court will deny Petitioner's claims that he was illegally detained under § 1225, he is not subject to mandatory detention under § 1225, and an immigration judge erred in concluding he was not a member of the *Bautista* class.

### C.    Re-Detention After Release

Aliens who enter the country illegally have "only those rights regarding admission that Congress has provided by statute," and the "Due Process Clause provides nothing more."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  As the Supreme Court has long held, in these circumstances, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, *are* due process of law."  *Id.* at 138 (emphasis added) (citation omitted).  Petitioner was not entitled to anything beyond the process provided him under the Immigration and Nationality Act before being re-detained.  *See Angov v. Lynch*, 788 F.3d 893, 898 (9th Cir. 2015) (rejecting

- 3 -

claim that an alien's "constitutional right to procedural due process" was violated because the alien "never formally entered the United States" and thus "ha[d] no such right"). Thus, the Court will deny Petitioner's claim that he was entitled to a hearing before being re-detained.

### D. Prolonged Detention

The Supreme Court has determined there is no statutory right to periodic bond hearings for aliens detained during the pendency of removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Until [removal proceedings end] nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."). And while *Jennings* did not address whether such a right exists under the Constitution, the Supreme Court subsequently held that an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Thuraissigiam*, 591 U.S. at 140; *see also Espinoza Lopez v. Noem*, No. CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026). Petitioner is subject to mandatory detention and, therefore, is not entitled to a bond hearing under statutory or constitutional authority.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 14th day of May, 2026.

*Michael T. Liburdi*
_____
Michael T. Liburdi
United States District Judge

- 4 -